# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>NARCISO SABORIT,<br><br>    Defendant. | No. CR00-4017-MWB<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

_____

## *I. INTRODUCTION AND FACTUAL BACKGROUND*

The court has before it defendant Narcisco Saborit's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant Saborit was charged in a single count indictment with possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Defendant Saborit was convicted of the charged offense following a jury trial. He was subsequently sentenced to 240 months imprisonment. Defendant Saborit appealed his conviction and sentence but later voluntarily dismissed his appeal without prejudice to his raising ineffective assistance of counsel in a 28 U.S.C. § 2255 motion.

Defendant Saborit subsequently filed his current § 2255 motion in which he challenges the validity of his conviction on the grounds that his counsel was ineffective in more than one respect.

## *II. LEGAL ANALYSIS*

### *A. Standards Applicable To § 2255 Motions*

The Eighth Circuit Court of Appeals has described 28 U.S.C. § 2255 as "the statutory analogue of habeas corpus for persons in federal custody." *Poor Thunder v.*

*United States*, 810 F.2d 817, 821 (8th Cir. 1987). In *Poor Thunder*, the court explained the purpose of the statute:

> [Section 2255] provides a remedy in the sentencing court (as opposed to habeas corpus, which lies in the district of confinement) for claims that a sentence was 'imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'

*Id.* at 821 (quoting 28 U.S.C. § 2255). Of course, a motion pursuant to § 2255 may not serve as a substitute for a direct appeal, rather "[r]elief under [this statute] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 730 (1998); *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996), *cert. granted*, 118 S. Ct. 31 (1997); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) (citing *United States v. Frady*, 456 U.S. 152 (1982)). This rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. *United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews*, 114 F.3d at 113; *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997) (per curiam). A defendant may surmount this procedural default only if the defendant "'can show both (1) cause that excuses the default, and (2) actual prejudice from the errors asserted.'" *Matthews*, 114 F.3d at 113 (quoting *Bousley*, 97 F.3d at 287); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir.

1996).

## B. *Analysis Of Issues*

Defendant Saborit asserts several claims of ineffective assistance of counsel. First, defendant Saborit asserts that his counsel was ineffective in failing to file a motion to suppress on the grounds that the police violated the "knock and announce" rule under 18 U.S.C. § 3109. Second, defendant Saborit contends that his counsel was ineffective in failing to object to the composition of the jury pool because it did not contain any Hispanics. Third, defendant Saborit argues that his counsel was ineffective in rushing through the testimony of defense witnesses and in not calling one witness to testify on his behalf. Finally, defendant Saborit asserts that his counsel was ineffective in not objecting to the translation services provided at his trial. The court will consider each of these claims *seriatim*.

Defendant Saborit's claim of ineffective assistance of counsel presented in his § 2255 motion was not raised on direct appeal. However, claims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Martinez-Cruz*, 186 F.3d 1102, 1105 (8th Cir. 1999) (reiterating that ineffective assistance of counsel claims "are best presented in a motion for post-conviction relief under 28 U.S.C. § 2255); *United States v. Mitchell*, 136 F.3d 1192, 1193 (8th Cir. 1998) (noting ineffective assistance of counsel claims more properly raised in 28 U.S.C. § 2255 motion) (citing *United States v. Martin*, 59 F.3d 767, 771 (8th Cir. 1995) (stating ineffective assistance of counsel claims "more appropriately raised in collateral proceedings under 28 U.S.C. § 2255")); *United States v. Scott*, 26 F.3d 1458, 1467 (8th Cir. 1994) (declining to consider ineffective assistance of counsel claims raised for first time on direct appeal where claim not raised in a motion for postconviction relief pursuant to 28 U.S.C. § 2255). In order to prove a claim of ineffective assistance of

counsel, a convicted defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). The court need not address whether counsel's performance was deficient if the defendant is unable to prove prejudice. *Apfel*, 97 F.3d at 1076 (citing *Montanye v. United States*, 77 F.3d 226, 230 (8th Cir.), *cert. denied*, 117 S. Ct. 318 (1996)); *see also Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997) (observing "[w]e need not reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness."). The Supreme Court has stated that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697. The court now turns to its consideration of the specific claims of ineffective assistance of counsel raised in defendant Saborit's § 2255 motion.

### 1. *Drug quantity computation*

Defendant Saborit initially asserts that his counsel was ineffective in failing to file a motion to suppress on the grounds that the police violated the "knock and announce" rule under 18 U.S.C. § 3109. Saborit supports this claim with the trial testimony of Laverne Stanifer, a person present at his home when the search began. She stated that she did not hear anyone knock at the door. Trial Tr. at 45. Saborit's counsel indicates that he did not file a motion to renew Saborit's motion to suppress from the first proceeding because he did not think the ruling from that proceeding, in which the motion to suppress was denied, would be different because he had no additional basis to challenge the prior ruling. Given that Saborit's original motion to suppress in his prior case had been denied and his counsel saw no additional basis for challenging the original ruling, the court concludes that Saborit's counsel's decision to not renew a previously-denied motion to suppress was a reasonable exercise of professional judgment. Therefore, this part of

4

defendant Saborit's motion is denied.

### 2. *Jury pool composition*

Defendant Saborit next asserts that his counsel was ineffective in failing to object to the composition of the jury pool because it did not contain any Hispanics. The Sixth Amendment of the United States Consitution guarantees "the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. CONST., amend. VI. The United States Supreme Court has interpreted the Sixth Amendment's right to a trial by an impartial jury as encompassing the right to a jury drawn from a "fair cross section of the community." *See Taylor v. Louisiana*, 419 U.S. 522, 526-31 (1975). However, the Court emphasized that, although petit juries "must be drawn from a source fairly representative of the community", there is "no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population." *Id.* at 538. "Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Id.* (citations omitted); *see Holland v. Illinois*, 493 U.S. 474 (1990) (re-affirming that a defendant has no Sixth Amendment right to a petit jury representing a fair cross-section of the community).

In *Duren v. Missouri*, 439 U.S. 357 (1979), the Supreme Court set forth the criteria necessary to establish a prima facie violation of the fair cross-section requirement. A defendant challenging the composition of the jury pool must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;
> (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and

5

> (3) that under-representation is due to a systematic exclusion of the group in the jury selection process.

*Id*. at 364. If a prima facie fair-cross-section infringement is established, the government may justify that infringement by showing a significant state interest that manifestly and primarily advances "those aspects of the jury selection process, such as exemption criteria, that result in the disproportionate exclusion of a distinctive group." *Id*. at 367-68.

Defendant Saborit has not satisfied the *Duren* criteria here. There is little question that Hispanics are a "distinctive" group in the community for purposes of this analysis. *United States v. Gerena*, 677 F. Supp. 1266, 1273-74 (D. Conn. 1986), *aff'd sub nom. United States v. Maldonado-Rivera*, 922 F.2d 934, 970 (2d Cir. 1990), *cert. denied*, 501 U.S. 1233 (1991). Defendant Saborit, however, has not established a prima facie case of systematic exclusion of Hispanics. Defendant Saborit relies solely upon the fact that the panel from which his jury was selected did not contain any names which sounded Hispanic. He has made no showing whatsoever which would indicate that any historical discrimination against Hispanics has ever taken place in this district with regard to the selection of jurors. For example, defendant Saborit has not offered the court any statistical information regarding the number of Hispanics called for jury service over a number of years to buttress his assertion of a systematic exclusion of Hispanics in the jury selection process. As a result, the court cannot conclude that defendant Saborit's counsel was ineffective in failing to raise this issue. Therefore, this part of defendant Saborit's motion is also denied.

### 3. *Defense witnesses*

Defendant Saborit further asserts that his counsel was ineffective in rushing through the testimony of defense witnesses and in not calling one witness to testify on behalf of defendant Saborit. Defendant Saborit contends that defense counsel rushed through defense witnesses' testimony because of time constraints due to a juror's need to attend a

funeral and the undersigned's need to attend a conference. Although the record indicates that one juror did indicate that she had to attend a funeral on Thursday afternoon and the undersigned was scheduled to attend a conference on Friday, defendant Saborit has not demonstrated how his defense was compromised by these facts. Similarly, while defendant Saborit asserts that his counsel was ineffective in not calling one defense witness, defense counsel clearly contemplated calling this witness and decided against it because, in defense counsel's view, that witness's testimony would have been redundant and could possibly have angered the jury by unnecessarily lengthening the trial. Saborit's counsel's decision to not call this witness was a reasonable exercise of professional judgment. Therefore, this part of defendant Saborit's motion is denied.

### 4. *Translation services*

Defendant Saborit also asserts that his counsel was ineffective in not objecting to the translation services provided at his trial. Defendant Saborit contends that the translators used at his trial were unable to adequately translate the trial for him. Defendant Saborit, however, has not provided any examples of translation difficulties that prejudiced his defense. The record shows that while there were a few occasions when the translators requested time to clarify what was being said, the court always accorded the translators the time required to clarify or correct the translation before proceeding. Thus the court concludes that defendant Saborit has not demonstrated that he was prejudiced by his counsel's failure to object to the translation services provided at his trial. Therefore, this part of defendant Saborit's motion is denied.

### C. *Certificate Of Appealability*

Defendant Saborit must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability on this issue. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77

7

(8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court determines that Saborit's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). With respect to Saborit's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III. CONCLUSION

Defendant Saborit's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 26th day of September, 2005.

*Mark W. Bennett*
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Filed By:**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

Copies mailed/faxed to counsel of record, pro se parties and others listed here:

Copy mailed to Pro Se Defendant on 09/26/05 by kfs